Filed 1/11/24  P. v. Valdovinos CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>ORLANDO ACOSTA VALDOVINOS,<br><br>    Defendant and Appellant. | F085862<br><br>(Super. Ct. No. LF010430A)<br><br>**OPINION** |

-ooOoo-

### THE COURT*

APPEAL from a judgment of the Superior Court of Kern County.  Elizabet Rodriguez, Judge.

Athena Shudde, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

* Before Detjen, Acting P. J., Peña, J. and Meehan, J.

Defendant Orlando Acosta Valdovinos filed a petition for resentencing pursuant to former Penal Code[1] section 1170.95 (now section 1172.6). The trial court denied the petition, finding he failed to establish a prima facie claim for relief. Appellate counsel filed a brief in which she summarized the factual and procedural history with citations to the record; raised no issues; requested independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*); and declared defendant was advised of his right to file a supplemental brief. Defendant timely filed said brief and contends "the jury may have convicted [him] based on the natural probable consequences theory." For the reasons set forth below, we affirm the trial court's order.

## BACKGROUND

In 2015, defendant was charged with the attempted murder of Officer Packebush (§§ 187, subd. (a), 664 [count 1]) and assault with a firearm upon the person of a peace officer (§ 245, subd. (d)(1) [count 2]), among other things. The information further alleged: (1) in connection with count 1, he knew or reasonably should have known the victim was a peace officer engaged in the performance of his duties (§ 664, subd. (e)); and (2) in connection with counts 1 and 2, he personally and intentionally discharged a firearm and proximately caused great bodily injury (§ 12022.53, subd. (d)). Following trial, the jury found defendant guilty as charged and found true the special allegations. The trial court imposed life with possibility of parole—plus 25 years to life for the firearm discharge enhancement—on count 1 and a consecutive three years—plus four years for the firearm use enhancement—on count 3.[2]

---

[1] Unless otherwise indicated, subsequent statutory citations refer to the Penal Code.

[2] The trial court imposed six years—plus 25 years to life for the firearm discharge enhancement—on count 2 and stayed execution thereof pursuant to section 654.

On October 3, 2022, defendant filed a petition for resentencing pursuant to then-section 1170.95.  He marked the following checkboxes:

"1.    A complaint, information, or indictment was filed against me that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine.  [Citation.]

"2.    I was convicted of **murder**, **attempted murder**, or **manslaughter** following a trial or I accepted a plea offer in lieu of a trial at which I could have been convicted of murder or attempted murder. [Citation.]

"3.    I could not presently be convicted of murder or attempted murder because of changes made to Penal Code §§ 188 and 189, effective January 1, 2019.  [Citation.]"

Shortly thereafter, per defendant's request, the trial court appointed counsel to represent him.

In their opposition, the People argued the petition must be denied "because the trial verdict held, as a matter of law, that [defendant] was the actual person who attempted to kill a peace officer, and that he acted with the specific intent to kill." (Boldface & fn. omitted.)

Following a March 1, 2023 prima facie hearing, the trial court ruled:

"All right.  So based upon the record of this Court, petitioner is ineligible for relief under Penal Code Section 1172.6 as a matter of law. [¶] . . . [¶]

"When the trial court receives a petition containing the necessary declaration and other required information, the Court must evaluate the petition, quote, to determine whether the petitioner has made a prima facie case for relief, end quote.  [¶] . . . [¶]  . . . [T]he Court may review its own record.  The structure of the statute permits trial courts to consult the record of conviction to determine whether the defendant has made out a prima faci[e] case of eligibility. . . .  [¶] . . . [¶]

3.

". . . [T]he peace officer exception to the malice requirement of Penal Code Section 188(a)(3), the [L]egislature intended to maintain broader liability for felony murder in cases where victim was a peace officer. Penal Code Section 189(f) is an exception to the malice requirement of 188(a)(3). If [defendant] knew or reasonably should have known that the victim was a police officer engaged in the performance of his duties, he is not eligible for relief. That's 1172.6. [¶] . . . [¶] And based upon the findings of the jury there is no question of fact that petitioner reasonably should have known that the peace officer was engaged in the performance of their duties. [¶] [Defendant] fails to meet the criteria under Subsection (a)(3) and is ineligible as a matter of law for relief under Penal Code Section 1172.6.

"Alternatively, the Court also finds [defendant] is ineligible for relief under 1172.6 as a matter of law . . . and that he could still be convicted of attempted murder after the 2019 amendments to Penal Code Sections 188 and 189. [¶] Attempted murder requires a specific intent to kill and a commission of a direct or ineffectual act towards accomplishing the intended killing . . . . [¶] To be guilty of attempted murder the defendant must intend to kill the alleged victim. . . . [¶] . . . [¶] . . . [F]iring a le[th]al weapon at the victim without legal excuse generally gives rise to an inference the shooter acted with an intent to kill. [¶] . . . The prosecution did not proceed under a theory [of] felony murder or murder in the natural probable consequences doctrine or other theory under which malice is imputed to [defendant] based solely on . . . his participation in a crime or attempted murder under the natural probable consequences doctrine.

"[Defendant] was the sole shooter. His actions give rise to the inference that he acted with an intent to kill. The jury finding it true that [defendant] personally and intentionally discharged a firearm . . . supports a conclusion that [defendant] harbored a personal intent to kill.

"Under the facts of the case, there is no indication that the guilty verdict was based upon any imputed intent to kill. As one who was found by the jury to have personally and intentionally discharged a firearm and []proximately caused great bodily injury to the victim under 12022.53(d) in connection with both the attempted murder and the assault on a peace officer charges, [defendant] could still be convicted of attempted murder even after changes in Section 188 or 189, made effective January 1, 2019.

"And for those reasons, . . . no prima faci[e] case is found and the petition is therefore dismissed."

4.

## DISCUSSION

### I.  *Delgadillo*

In *Delgadillo*, the California Supreme Court held a *Wende* analysis is not applicable to a trial court's order denying a petition for postconviction relief under section 1172.6.  (*Delgadillo*, *supra*, 14 Cal.5th at p. 222.)  Instead, the following framework was prescribed:

> "When appointed counsel finds no arguable issues to be pursued on appeal: (1) counsel should file a brief informing the court of that determination, including a concise recitation of the facts bearing on the denial of the petition; and (2) the court should send, with a copy of counsel's brief, notice to the defendant, informing the defendant of the right to file a supplemental letter or brief and that if no letter or brief is filed within 30 days, the court may dismiss the matter.  [Citations.]
>
> "If the defendant subsequently files a supplemental brief or letter, the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion.  The filing of a supplemental brief or letter does not compel an independent review of the entire record to identify unraised issues.  [Citations.]  If the defendant does not file a supplemental brief or letter, the Court of Appeal may dismiss the appeal as abandoned.  [Citation.]  If the appeal is dismissed as abandoned, the Court of Appeal does not need to write an opinion but should notify the defendant when it dismisses the matter.  [Citation.]  While it is wholly within the court's discretion, the Court of Appeal is not barred from conducting its own independent review of the record in any individual section 1172.6 appeal.  [Citations.]"  (*Delgadillo*, *supra*, 14 Cal.5th at pp. 231–232.)

On September 5, 2023, appellate counsel filed a *Delgadillo* brief.  That same day, we issued an order informing defendant his appeal would be dismissed as abandoned if he did not file a supplemental brief within 30 days.  On September 25, 2023, defendant filed a supplemental brief.

### II.  Section 1172.6

"Effective January 1, 2019, the Legislature passed Senate Bill [No.] 1437 [(2017-2018 Reg. Sess.)] 'to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not

5.

imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' " (*People v. Lewis* (2021) 11 Cal.5th 952, 959 (*Lewis*), quoting Stats. 2018, ch. 1015, § 1, subd. (f).) "Through the passage of Senate Bill [No.] 1437 the Legislature effectively eliminated the natural and probable consequences doctrine as it relates to murder convictions, and reduced the scope of the felony-murder rule." (*People v. Prado* (2020) 49 Cal.App.5th 480, 487.) "To effectuate these changes, the Legislature amended sections 188 and 189 . . . ." (*Ibid.*; see §§ 188, subd. (a)(3) ["Except as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime."]; 189, subds. (e) ["A participant in the perpetration or attempted perpetration of a felony listed in subdivision (a) in which a death occurs is liable for murder only if one of the following is proven: [¶] (1) The person was the actual killer. [¶] (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree. [¶] (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2."], & (f) ["Subdivision (e) does not apply to a defendant when the victim is a peace officer who was killed while in the course of the peace officer's duties, where the defendant knew or reasonably should have known that the victim was a peace officer engaged in the performance of the peace officer's duties."].) Senate Bill No. 1437 also "added [former] section 1170.95, which provides a procedure for convicted murderers who could not be convicted under the law as amended to retroactively seek relief." (*Lewis*, *supra*, at p. 959.)

"In 2021, the Legislature passed Senate Bill No. 775 (2021-2022 Reg. Sess.) . . . , amending former section 1170.95 effective January 1, 2022. In addition to providing relief for those convicted of felony murder or [murder] under the natural probable

6.

consequences doctrine, the amended statute extended relief to defendants convicted under any 'other theory under which malice is imputed to a person based solely on that person's participation in a crime.' [Citation.] The amended statute also expanded the categories of offenses eligible for relief to include attempted murder and manslaughter as well as murder. [Citation.]" (*People v. Lee* (2023) 95 Cal.App.5th 1164, 1173–1174 (*Lee*).)

"Effective June 30, 2022, the Legislature renumbered [former] section 1170.95 to section 1172.6 with no change in text." (*People v. Gonzalez* (2023) 87 Cal.App.5th 869, 871, fn. 1, citing Stats. 2022, ch. 58, § 10; accord, *People v. Saibu* (2022) 81 Cal.App.5th 709, 715, fn. 3.)

A petitioner is entitled to relief under section 1172.6 if three conditions are satisfied: (1) the prosecution "proceed[ed] under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine" (§ 1172.6, subd. (a)(1)); (2) "[t]he petitioner was convicted of murder, attempted murder, or manslaughter following a trial or accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of murder or attempted murder" (*id.*, subd. (a)(2)); and (3) "[t]he petitioner could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189 made effective January 1, 2019" (*id.*, subd. (a)(3)). (Accord, *People v. Watson* (2021) 64 Cal.App.5th 474, 482 [former § 1170.95].)

"After the parties have had an opportunity to submit briefings, the court shall hold a hearing to determine whether the petitioner has made a prima facie case for relief." (§ 1172.6, subd. (c).) "If a petitioner makes a prima facie showing of relief under section 1172.6—that is, a showing that the petitioner was convicted of murder, attempted murder, or manslaughter under a theory no longer valid under the amended Penal Code— the resentencing court must issue an order to show cause for an evidentiary hearing." (*Lee*, *supra*, 95 Cal.App.5th at p. 1174; accord, § 1172.6, subds. (c)–(d).) At the

7.

evidentiary hearing, "the prosecution must prove beyond a reasonable doubt that the petitioner remains guilty of murder or attempted murder despite the amendments to sections 188 and 189." (*Lee, supra*, at p. 1174.)

"[T]he prima facie inquiry under subdivision (c) is limited. Like the analogous prima facie inquiry in habeas corpus proceedings, ' "the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved. . . ." ' [Citation.]" (*Lewis, supra*, 11 Cal.5th at p. 971.) "The record of conviction will necessarily inform the trial court's prima facie inquiry under section [1172.6], allowing the court to distinguish petitions with potential merit from those that are clearly meritless." (*Ibid.*) "In reviewing any part of the record of conviction at this preliminary juncture, a trial court should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' [Citation.]" (*Id.* at p. 972; see *People v. Davenport* (2021) 71 Cal.App.5th 476, 481 ["The court's authority to summarily deny a petition is thus limited to 'readily ascertainable facts' taken from the record of conviction . . . ."].) Moreover, " '[a] court should not reject the petitioner's factual allegations on credibility grounds without first conducting an evidentiary hearing.' [Citation.]" (*Lewis, supra*, at p. 971.) " 'However, if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner." ' [Citation.]" (*Ibid.*) "The contents of the record of conviction defeat a prima facie showing when the record shows as a matter of law that the petitioner is not eligible for relief." (*People v. Swanson* (2020) 57 Cal.App.5th 604, 612.)

### III. Analysis

"We review de novo an order denying a section 1172.6 petition at the prima facie review stage." (*People v. Flores* (2023) 96 Cal.App.5th 1164, 1170.)

In his supplemental brief, defendant contends "the jury may have convicted [him] based on the natural probable consequences theory."**3** At the time defendant was charged, convicted, and sentenced, case law permitted an accomplice to the perpetrator of an attempted murder to be convicted under the natural and probable consequences doctrine without having an intent to kill. (See, e.g., *People v. Favor* (2012) 54 Cal.4th 868.) However, " 'readily ascertainable facts' taken from the record of conviction" (*People v. Davenport*, *supra*, 71 Cal.App.5th at p. 481) show the jury not only convicted defendant of the attempted murder of Officer Packebush but also found he personally and intentionally discharged the firearm that proximately caused great bodily injury to Packebush. In other words, the jury necessarily determined defendant was the actual perpetrator and thus did not utilize the natural and probable consequences doctrine to extend liability from another individual to defendant. (See *People v. Cornelius* (2020) 44 Cal.App.5th 54, 58.) Accordingly, we conclude defendant is ineligible for resentencing relief as a matter of law.

## DISPOSITION

The order denying defendant's petition for resentencing is affirmed.

---

**3** Defendant states the jury was issued CALCRIM No. 3149 (Personally Used Firearm: Intentional Discharge Causing Injury or Death), which contains the following language:

> "[An act causes (great bodily injury) if the (injury) is the direct, *natural, and probable consequence* of the act and the (injury) would not have happened without the act. A *natural and probable consequence* is one that a reasonable person would know is likely to happen if nothing unusual intervenes. In deciding whether a *consequence is natural and probable*, consider all the circumstances established by the evidence.]" (First & third italics added.)

The instruction is limited to the enhancement and does not prove defendant was convicted of attempted murder based on imputed malice.